Wang v. Garland

BIA
Thompson, IJ
A206 790 928

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

ZHEN RONG WANG,
> *Petitioner*,

v.                                                                              **20-2058**
                                                                                **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Zhou Wang, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Zhen Rong Wang, a native and citizen of the People's Republic of China, seeks review of a June 2, 2020, decision by the BIA affirming a June 8, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Rong Wang*, No. A206 790 928 (B.I.A. June 2, 2020), *aff'g* No. A206 790 928 (Immig. Ct. N.Y. City June 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

## A. One Year Bar

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date

2

of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application may be considered outside the deadline "if the alien demonstrates . . . extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(5). Extraordinary circumstances include, but are not limited to, serious illness, legal disability, ineffective assistance of counsel, maintenance of lawful status or a grant of parole, timely filing of an application rejected by U.S. Citizenship and Immigration Services, and death or serious illness of a legal representative or immediate family. *Id.*

8 U.S.C. § 1252(a)(2)(D) limits our jurisdiction to review claims relating to the timeliness of an asylum application or the circumstances excusing untimeliness to only "colorable" "constitutional claims or questions of law." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008); *see* 8 U.S.C. § 1158(a)(3).

Wang argues that extraordinary circumstances excused his untimely filing because agency procedures prevented him from timely filing his application. Specifically, he contends that the agency required him to file his application at his master calendar hearing which was scheduled to occur after the one-year deadline

3

and that he was not permitted to lodge his application by other means. Wang's argument, even if treated as a question of law, is not colorable.

Beginning in 2013, noncitizens could lodge applications at the immigration court window and IJs were permitted to take that date into account when deciding the applicability of the one-year bar. *See* Guidelines for Implementation of the ABT Settlement Agreement, Executive Office for Immigration Review, Operating Policies and Procedures Memorandum 13-03 (Dec. 2, 2013).[1] Wang's ability to lodge his application before the date of his master calendar hearing is evidenced by the fact that his application was lodged in November 2015, prior to his July 2016 master calendar hearing. Thus, as the IJ found, there were no extraordinary circumstances preventing Wang from timely lodging his asylum claim.

Accordingly, because Wang does not raise a colorable constitutional claim or question of law regarding the agency's denial of asylum as time-barred, we lack jurisdiction to review that decision and dismiss the petition to that extent. *See* 8 U.S.C. § 1158(a)(3); *see also Barco-Sandoval*, 516 F.3d at 40–41. We note that, even if we were to find that Wang's argument had merit, remand would be futile

---

[1] OPPM 13-03 is available at:
https://www.justice.gov/sites/default/files/eoir/legacy/2013/12/03/13-03.pdf

4

because, as discussed below, the agency reasonably denied asylum, withholding of removal, and CAT relief based on a finding that Wang could avoid future harm by relocating within China. *See De La Rosa v. Holder*, 598 F.3d 103, 108 (2d Cir. 2010) ("Remand is unnecessary if it would be pointless or futile, such as where there is an alternative and sufficient basis for the result, the error is tangential to non-erroneous reasoning, or the overwhelming evidence makes the same decision inevitable.").

## B. Relocation

We review factual findings for substantial evidence, deferring "to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and review legal conclusions *de novo*. *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B). The agency reasonably concluded that Wang could safely relocate within China to avoid future harm.

An applicant who previously has suffered persecution is presumed to have a well-founded fear of future persecution, as required for asylum. 8 C.F.R. § 1208.13(b)(1). Similarly, it is presumed that such an applicant's life or freedom would be threatened upon return, as required for withholding of removal.

5

8 C.F.R. § 1208.16(b)(1)(i). The Government may rebut these presumptions if it establishes "by a preponderance of the evidence" that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *see also id.* § 1208.16(b)(1)(i)(B), (ii); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). In determining whether internal relocation is reasonable, an IJ considers "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3).[2]

In concluding that Wang could safely and reasonably relocate within China to avoid future persecution, the agency reasonably relied on evidence that Chinese citizens are generally permitted to live throughout China; Wang's wife is Taoist and remains unharmed in China; Wang is not a religious leader who would attract more attention; Wang speaks the official language in China; and he is young,

---

[2] Citations are to the regulations at the time of the IJ's decision.

healthy, and able-bodied. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3); *see also*

*Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future

persecution weakened when similarly situated family members remained

unharmed in petitioner's native country). Further, the record contains no

evidence of persecution or abuses of individuals who practice Taoism, and the

evidence states that officials do not interfere with religious practice in some areas

of China. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(B), (ii); *see also*

*Singh*, 435 F.3d at 219 ("Asylum in the United States is not available to obviate re-

location to sanctuary in one's own country.").

For these reasons, the agency did not err in concluding that the Government

rebutted the presumption of future persecution required for asylum and

withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). The

relocation finding also is dispositive of CAT relief. *See* 8 C.F.R. § 1208.16(c)(3)

(listing ability to relocate as one consideration "[i]n assessing whether it is more

likely than not that an applicant would be tortured in the proposed country of

removal"); *cf. Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that

determination that there was not a well-founded fear of persecution as required

for asylum is "necessarily" dispositive of withholding of removal and CAT relief,

7

which require greater likelihood of persecution or torture).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court